IN THE DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2021 JAN 21  P 2: 40
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CHRIS McWATERS; DAISY )
McWATERS; and JEFF McWATERS )
)
)
PLAINTIFFS, )
)
v. )  CASE NO: 2:21-cv-00057
)
RANDALL HOUSTON, individually and as )
District Attorney for the 19th CIRCUIT )
DISTRICT ATTORNEY'S OFFICE; )
SHERIFF BILL FRANKLIN, individually and )
as Sheriff of the ELMORE COUNTY )
SHERIFF'S OFFICE; INV. ERIC BRUNER, )
individually and as agent for the Elmore County )
Sheriff's Office; INV. JAMES TALLEY, )
individually and as agent for the Elmore County )
Sheriff's Office; MICHAEL DOZIER, )
individually and as CLERK OF COURT OF )
ELMORE COUNTY CIRCUIT CLERK'S )
OFFICE; P.B., a minor; APRIL BRUNER )
WEBSTER, individually and as next best friend )
of P.B., a minor; ERIC BRUNER, individually )
and as next best friend of P.B., a minor; ADAM )
BRUNER; ANNMARIE BRUNER; MARY )
THROWER; and FACEBOOK. )
)
DEFENDANTS. )

PLAINTIFFS DEMAND TRIAL BY STRUCK JURY.

COMPLAINT

JURISDICTION AND VENUE

1.  This Court has jurisdiction over Plaintiffs' federal claim pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 42 U.S.C § 1983, and supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Middle District of Alabama under 28 U.S.C. § 1391(e). Defendants, as well as the Plaintiffs, reside in this judicial district. All of the acts and omissions by Defendants giving rise to this action occurred in this judicial district.

## PARTIES

3. That Plaintiffs Chris McWaters (hereafter called C. McWaters,) Daisy McWaters (hereafter called D. McWaters,) and Jeff McWaters (hereafter called J. McWaters,) are all over the age of nineteen (19) years and each is a resident citizen of Elmore County, Alabama, and have been such for more than six (6) months. Plaintiff D.McWaters is the wife of Plaintiff C.McWaters, and Plaintiff J.McWaters is the father of Plaintiff C.McWaters.

4. That Defendant Randall V. Houston (hereafter called "Houston") is over the age of nineteen (19) years and is a resident citizen of the State of Alabama and is a governmental official representing the Office of the 19th Circuit District Attorney's Office in the capacity as District Attorney and in his individual capacity.

5. That Defendant Sheriff Bill Franklin (hereafter called "Franklin") is over the age of nineteen (19) years and is a resident citizen of the State of Alabama, and a governmental official representing the Elmore County Sheriff's Office in the capacity of Sheriff and in his individual capacity.

6. That Defendant Eric Bruner (hereafter called "E. Bruner") is over the age of nineteen (19) years and a resident citizen of the State of Alabama; E. Bruner is also employed by the Elmore County Sheriff's Office in the capacity of Investigator; and in his individual capacity as the father and next best friend of P.B., a minor.

7. That Defendant James Talley (hereafter called "Talley") is over the age of nineteen (19) years and a resident citizen of the State of Alabama. Talley is also employed by the Elmore County Sheriff's Office in the capacity of Investigator and in his individual capacity.

8. That Defendant Michael Dozier (hereafter called "Dozier,") is over the age of nineteen (19) years and a resident citizen of the State of Alabama and a governmental official representing the Elmore County Circuit Clerk's Office as the Clerk of Court and in his individual capacity.

9. That Defendant P.B. (hereafter called "P.B") is a minor and resident citizen of the State of Alabama, living with her mother.

10. That defendant April Bruner Webster (hereafter called "Webster") is a resident citizen of the State of Alabama and is the mother and next best friend of P.B., a minor.

11. That Defendant Adam Bruner (hereafter called "A. Bruner") is a resident citizen of the State of Alabama and is the brother of defendant E. Bruner and the uncle of the minor, P.B.

12. That Defendant AnnMarie Bruner (hereafter called "AM.Bruner") is a resident citizen of the State of Alabama, and she is the wife of defendant A.Bruner and aunt of the minor, P.B.

13. That Defendant Mary Thrower (hereafter called "Thrower") is a resident citizen of the State of Alabama, and her relationship to the other defendants is unknown at this time.

14. That Defendant Facebook (hereafter called "Facebook") is a corporation organized and existing under the laws of the State of Delaware, registered and doing business in the State of Alabama.

## FACTS

15. On October 14, 2019, Plaintiff C.McWaters heard from someone that the minor child, Defendant P.B., had posted comments on social media via Snapchat that Plaintiff C. McWaters had raped her.  Plaintiff C. McWaters immediately got copies of the snapchat messages and texted the minor child's mother, Defendant Webster. Defendant Webster stated she knew nothing about the messages or the allegation.  The next morning Defendant Webster and Plaintiff C.McWaters had a discussion about said messages. Following their discussion, Plaintiff C.McWaters received a call from Defendant Talley that Plaintiff C.McWaters needed to go the Sheriff's Office to speak with Talley. Plaintiff C.McWaters did so.  After being interviewed by Defendant Talley, Plaintiff C.McWaters explained to Talley how these allegations could not possibly be true and explained the time line that Defendant Talley gave Plaintiff C.McWaters.  Immediately following said interview, Plaintiff C.McWaters was arrested by Defendant Talley, simply on the inconsistent and unverified word of a teenager.

16. That Defendant Talley used inconsistent dates while questioning Plaintiff C.McWaters.

17. That Defendant Talley did not follow protocol and failed to take Defendant P.B. to the Child Advocacy Center for a forensic interview prior to the arrest of Plaintiff C.McWaters.  Defendant Talley only took Defendant P.B. was taken to the Child Advocacy Center the next day, after Plaintiff C.McWaters had already been arrested.  At that time, Defendant P.B. gave dates alleging the sexual abuse and rape allegations which were inconsistent with the dates given to Defendant Talley for the basis of the arrest of Plaintiff C.McWaters.

18. That Defendant Talley took Plaintiff C.McWaters' telephone and searched the same without a warrant.  Defendant Talley illegally erased certain information and performed

a "dump" of Plaintiff C.McWaters' phone.

19. That Defendant E. Bruner went to the Elmore County Circuit Clerk's Office with Defendant J. Talley to obtain the arrest warrant against Plaintiff C.McWaters creating a substantial conflict of interest, since the alleged victim was the minor daughter of the Defendant E.Bruner.

20. That Defendant Dozier, individually and in his capacity as Clerk of Court of Elmore County Circuit Court Clerk's Office, knowingly allowed Defendant E.Bruner to be present during the signing of said arrest warrant against Plaintiff C.McWaters. Defendant Dozier knew or should have known that this created a substantial conflict of interest.  Further, Defendant Dozier knew or should have known that the alleged victim in this matter was Defendant E. Bruner's minor child and this further created a substantial conflict for the Elmore County Sheriff's Office to be involved, as Defendant E. Bruner is an investigator with the Elmore County Sheriff's Office.

21. That Defendants went to Plaintiff D.McWaters' place of employment and posted inappropriate flyers containing Plaintiff C.McWaters' arrest information.  This was done in an effort to defame all Plaintiffs.

22. That Defendants A.Bruner, Thrower and AM.Bruner made slanderous allegations on Facebook concerning all the Plaintiffs that were not true.  That they posted similar pictures of a truck that is similar to Plaintiff J. McWaters' truck with writing that states "My son was Inmate of the Month at Elmore County Jail." Once again, this was done in an effort to publicly humiliate the Plaintiffs.

23. That Defendants made references to Plaintiff C.McWaters' being "Chester the Molester" on Facebook with a copy of the news story showing Plaintiff C.McWaters was arrested.

Further, Defendants photoshopped Plaintiff C.McWaters' face into "memes" on Facebook.

24. That Defendant Thrower posted quotes tantamount to death threats on Facebook concerning the Plaintiff C.McWaters.

25. That Defendant Evans posted a quote on Facebook to "shoot him in the head."

26. That Defendants posted information on Facebook concerning Plaintiff C.McWaters' job and employer, thereby causing Plaintiff C.McWaters' employer so much grief that he ended up terminating Plaintiff C.McWaters' employment. Said actions by the Defendants caused the Plaintiffs to suffer undue and extreme financial hardship. Defendant D.McWaters was the only person in the home able to financially support the family due to the information being blasted on Facebook. Plaintiff J.McWaters suffered in that he was the only person willing to help Plaintiffs C.McWaters and D.McWaters maintain their home and bills.

27. That Defendants A.Bruner, Thrower and Jackson posted information on Facebook calling Plaintiff C. McWaters a "child predator" and "sexual predator."

28. That Defendant A. Bruner posted "memes" stating that "Police found neighborhood pedophile shot in the head 27 times… Police say it's the worst suicide they've seen in decades."

29. That the standard procedure with the 19th Circuit District Attorney's Office for this type of case, with no evidence other than the word of an alleged victim, is that the case is a "direct present" to Grand Jury as opposed to an immediate arrest. To obtain the arrest warrant from Defendant Dozier, Defendant Talley was accompanied by Defendant E. Bruner, who is also an investigator with the Elmore County Sheriff's Office, as well as

Defendant P.B.'s father, creating an obvious and substantial conflict of interest.

30. Plaintiff C.McWaters was immediately placed in the Elmore County Jail; his booking photo was given to the media; and stories concerning this alleged incident were immediately published in several newspapers, on the local news, and on social media. Social media was immediately bombarded with untrue statements concerning ALL of the Plaintiffs. Plaintiff C.McWaters was terminated from his employment. Plaintiff D.McWaters, was badgered and criticized at her place of employment. False information was spread about all Plaintiffs through various forms of media.

31. The Grand Jury convened in June of 2020 and Plaintiff C.McWaters was not indicted, i.e. a NO BILL was returned in favor of Plaintiff C.McWaters. Social media was still bombarded even after the Grand Jury's decision exonerating Plaintiff C.McWaters of this crime, with Defendants continuing to make death threats and defaming each Plaintiff.

## CAUSE OF ACTION 1
## DEFAMATION PER SE

32. Plaintiffs reallege and reaffirm each and every preceding paragraph as fully set forth herein.

33. Plaintiffs allege that Defendants' false claims about the Plaintiffs were spread over a wide viewing audience through local news media, internet publications, and social media.

34. Defendants' false claims of moral turpitude and criminality are considered inherently defamatory under Alabama state defamation law.

35. Said comments were made in a derogatory and demeaning manner, and incited death threats against the Plaintiffs.

36. Plaintiffs demand judgment against the Defendants as set out herein, to-wit:

   A. **General damages in an amount to be determined by a fair and**

      **impartial jury at trial;**

B.    **For special damages in an amount to be determined by a fair and impartial jury at trial;**

C.    **For punitive damages in an amount to be determined by a fair and impartial jury at trial;**

D.    **Award of costs of suit, including attorneys' fees under 42 U.S.C. § 1983;**

E.    **Declaratory judgment that defendants' actions violated Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution and state law; and,**

F.    **All other, further and different relief to which Plaintiffs may be justly entitled.**

**CAUSE OF ACTION 2**
**PURSUANT TO 42 U.S.C. §1983**
**MALICIOUS PROSECUTION**

37.    Plaintiffs reallege and reaffirm each and every preceding paragraph as fully set forth herein.

38.    Plaintiffs state that all Defendants maliciously prosecuted the Defendants by making false allegations, allegations that were not supported by facts, and by making an arrest of Plaintiff C.McWaters without probable cause, without proper investigation, and with malice. Further, the Defendants failed to follow proper investigative protocol in corroborating such slanderous and libelous accusations.  All Defendants engaged in a course of conduct in which the agencies, although they are separate entities, work so closely together that their actions appear to be conducted as one agency, thereby creating

a substantial conflict of interest.

39. Plaintiffs demand judgment against the Defendants as set out herein, to-wit:

   A. **General damages in an amount to be determined by a fair and impartial jury at trial;**

   B. **For special damages in an amount to be determined by a fair and impartial jury at trial;**

   C. **For punitive damages in an amount to be determined by fair and impartial jury at trial;**

   D. **Award of costs of suit, including attorneys' fees under 42 U.S.C. § 1983;**

   E. **Declaratory judgment that defendants' actions violated Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution and state law; and,**

   F. **All other, further and different relief to which Plaintiffs may be justly entitled.**

## CAUSE OF ACTION 3
## TORT OF OUTRAGE

40. Plaintiffs reallege and reaffirm each and every preceding paragraph as fully set forth herein.

41. Defendants intentionally posted information on local news media facets, Facebook, and other forms of social media in an effort to harm the Plaintiffs when said information was not proven to be true; said information was pure allegation and speculation; and such acts were done simply because the alleged victim was the daughter of an Elmore County Investigator/Deputy/Employee of

the Elmore County Sheriff's Office.

42. Defendants' conduct was intentional and reckless; extreme and outrageous; and caused severe emotional and financial distress to Plaintiffs so severe that no reasonable person could be expected to endure said actions.

43. That these actions by the Defendants constitute the tort of outrage against Plaintiffs.

44. Plaintiffs allege that Defendants intentionally and recklessly caused the Plaintiffs' pain and suffering by issuing a writ of arrest, without corroborating any evidence, and without directly presenting this case to the Grand Jury. The actions of Defendants were so outrageous and extreme as to shock the conscience.

45. Plaintiffs demand judgment against the Defendants as set out herein, to-wit:

   A. **General damages in an amount to be determined by a fair and impartial jury at trial;**

   B. **For special damages in an amount to be determined by a fair and impartial jury at trial;**

   C. **For punitive damages in an amount to be determined by fair and impartial jury at trial;**

   D. **Award of costs of suit, including attorneys' fees under 42 U.S.C. § 1983;**

   E. **Declaratory judgment that defendants' actions violated Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution and state law; and,**

   F. **All other, further and different relief to which Plaintiffs may be justly**

**entitled.**

## CAUSE OF ACTION 4
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiffs reallege and reaffirm each and every preceding paragraph as fully set forth herein.

47. The Defendants caused Plaintiffs to suffer extreme and severe mental anguish and emotional distress.

48. Defendants' conduct was intentional and caused the Plaintiffs such mental anguish and emotional distress that no reasonable person could be expected to endure said actions

49. That these actions by the Defendants constituted intentional infliction of emotional distress upon the Plaintiffs.

50. Plaintiffs demand judgment against the Defendants as set out herein, to-wit:

    A. **General damages in an amount to be determined by a fair and impartial jury at trial;**

    B. **For special damages in an amount to be determined by a fair and impartial jury at trial;**

    C. **For punitive damages in an amount to be determined by fair and impartial jury at trial;**

    D. **Award of costs of suit, including attorneys' fees under 42 U.S.C. § 1983;**

    E. **Declaratory judgment that defendants' actions violated Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to the**

    **U.S. Constitution and state law; and,**

F.     **All other, further and different relief to which Plaintiffs may be justly entitled.**

**CAUSE OF ACTION 5**
**NEGLIGENT SUPERVISION**

51. Plaintiffs reallege and reaffirm each and every preceding paragraph as fully set forth herein.

52. That Defendant Franklin and the Elmore County Sheriff's Department, Defendant Dozier and the Elmore County Circuit Clerk's Office, and Defendant Houston and the 19th Circuit District Attorney's Office, individually and in their official capacity, were negligent in their supervision of Defendants by failing to supervise them as they made an arrest in a sexual abuse case in that they all allowed Plaintiff C.McWaters to be arrested without a proper and complete investigation; without corroboration of the alleged victim's allegations; and by allowing Defendants to operate under such abuse of power, conflict of interest and in violation of their own protocol, policies, and procedures.

53. Defendants had a duty to supervise their employees to ensure that they follow proper protocol, procedures, and the law in administering their office.

54. Defendants breached that duty when they failed to supervise their employees and allow them to maliciously prosecute Plaintiff C.McWaters.

55. Plaintiffs demand judgment against the Defendants as set out herein, to-wit:

    A.     **General damages in an amount to be determined by a fair and impartial jury at trial;**

B. **For special damages in an amount to be determined by a fair and impartial jury at trial;**

C. **For punitive damages in an amount to be determined by fair and impartial jury at trial;**

D. **Award of costs of suit, including attorneys' fees under 42 U.S.C. § 1983;**

E. **Declaratory judgment that defendants' actions violated Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution and state law; and,**

F. **All other, further and different relief to which Plaintiffs may be justly entitled.**

## CAUSE OF ACTION 6
## NEGLIGENCE

56. Plaintiffs reallege and reaffirm each and every preceding paragraph as fully set forth herein.

57. Defendant Facebook had a duty to ensure that all information shared to the public especially that information that is scandalous and slanderous, and alleges criminal activity, to verify whether said accusations are true.

58. Defendant Facebook breached that duty by allowing Defendants to post such comments, threats and harassment concerning Plaintiffs, when Facebook censors information inconsistently on their website against their own policies and community standards.

59. The remaining Defendants had a duty to ensure that the allegations made against the Plaintiffs were substantiated and corroborated by evidence that the alleged offense

actually occurred.

60. Defendants breached that duty by failing to properly and thoroughly investigate this case; by failing to follow their own protocol, policies, and procedures; and by allowing Defendants to operate under such a substantial conflict of interest.

61. Plaintiffs demand judgment against the Defendants as set out herein, to-wit:

   A. **General damages in an amount to be determined by a fair and impartial jury at trial;**

   B. **For special damages in an amount to be determined by a fair and impartial jury at trial;**

   C. **For punitive damages in an amount to be determined by fair and impartial jury at trial;**

   D. **Award of costs of suit, including attorneys' fees under 42 U.S.C. § 1983;**

   E. **Declaratory judgment that defendants' actions violated Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution and state law; and,**

   F. **All other, further and different relief to which Plaintiffs may be justly entitled.**

## CAUSE OF ACTION 7
## PURSUANT TO CONSPIRACY, CIVIL RICO

62. That the Defendants, while in concert with each other, engaged in a course of conduct

against the Plaintiffs that was malicious, scandalous, fraudulent, and harmful to the Plaintiffs, in that they knew or should have known that it would cause public humiliation, public ridicule, public threats, scorn, and outcast to the Plaintiffs, without the benefit of a true investigation. And further, without the benefit of a proper and complete investigation; and without corroboration of the alleged victim's allegations; and by allowing Defendants to operate under such a conflict of interest and in violation of their own protocol, policies, and procedures.

63. As a proximate cause of the Defendants' actions the Plaintiffs were caused to suffer public humiliation, public ridicule, public threats, scorn, and outcast.

64. Plaintiffs demand a judgment against the Defendants as set out herein, to-wit:

   A. **General damages in an amount to be determined by a fair and impartial jury at trial;**

   B. **For special damages in an amount to be determined by a fair and impartial jury at trial;**

   C. **For punitive damages in an amount to be determined by fair and impartial jury at trial;**

   D. **Award of costs of suit, including attorneys' fees under 42 U.S.C. § 1983;**

   E. **Declaratory judgment that defendants' actions violated Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution and state law; and,**

   F. **All other, further and different relief to which Plaintiffs may be justly entitled.**

### CAUSE OF ACTION 8
### PURSUANT TO 42 U.S.C. § 1983
### VIOLATION OF PLAINTIFF C. McWATERS' CIVIL RIGHTS

65. Plaintiffs reallege and reaffirm each and every preceding paragraph as fully set forth herein.

66. Plaintiffs allege that Defendants, individually and acting in their official capacities, unlawfully deprived Plaintiff CMcWaters of Plaintiff's legal rights guaranteed to him by the United States Constitution and the laws of the United States.

67. That the Defendants' said conduct was done under color of State law, and pursuant to the official policy of the County.

68. That the Defendants' said actions violated 42 U.S.C. Section 1983 in that Plaintiff C. McWaters' constitutional rights as guaranteed under the 4th amendment against unreasonable search and seizure and his 5th amendment rights of due process. Said rights were violated when investigators failed to follow proper protocol and investigatory procedures to corroborate any alleged offense or claims made by Defendant P.B. prior to the arrest of the Plaintiff C.McWaters. Said actions subjected him to public humiliation and ridicule as stated in the previous causes of action.

69. Because of the willful, gross, and oppressive conduct of the Defendants, the Plaintiffs claim damages against the Defendants as follows:

   A. **General damages in an amount to be determined by a fair and impartial jury at trial;**

   B. **For special damages in an amount to be determined by a fair and**

   **impartial jury at trial;**

C.  **For punitive damages in an amount to be determined by fair and impartial jury at trial;**

D.  **Award of costs of suit, including attorneys' fees under 42 U.S.C. § 1983;**

E.  **Declaratory judgment that defendants' actions violated Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution and state law; and,**

F.  **All other, further and different relief to which Plaintiffs may be justly entitled.**

## DAMAGES

70. Plaintiffs reallege and reaffirm each and every preceding paragraph as fully set forth herein.

71. Plaintiffs claim the following damages as it relates to each and every cause of action set forth herein:

A.  **General damages in an amount to be determined by a fair and impartial jury at trial;**

B.  **For special damages in an amount to be determined by a fair and impartial jury at trial;**

C.  **For punitive damages in an amount to be determined by fair and impartial jury at trial;**

D.  **Award of costs of suit, including attorneys' fees under 42 U.S.C. § 1983;**

E. **Declaratory judgment that defendants' actions violated Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution and state law; and,**

F. **All other, further and different relief to which Plaintiffs may be justly entitled.**

**Respectfully** submitted this the 21st day of Jan., 2021.

*/s/ Lee A. Rankin*

LEE A. RANKIN (SHU018)
ATTORNEY FOR PLAINTIFFS
2410 COBBS FORD ROAD
MILLBROOK, ALABAMA 36054
334-290-5071
leerbooth@yahoo.com

*/s/ John D. Norris*

JOHN D. NORRIS (NOR044)
ATTORNEY FOR PLAINTIFFS
2410 COBBS FORD ROAD
MILLBROOK, ALABAMA 36054
334-290-5071
norrisj@bellsouth.net

_____
**CHRIS McWATERS**

**ELMORE COUNTY** *

**STATE OF ALABAMA** *

Before me, the undersigned authority, a Notary Public in and for said State and County, personally appeared, **CHRIS McWATERS** being by me first duly sworn, deposes and says on oath that the averments contained in the foregoing affidavit are true and correct to the best of his knowledge, information and belief.

_____
**CHRIS McWATERS**

Sworn to and Subscribed before me this 22nd day of December, 2020.

_____
**NOTARY PUBLIC** My Commission Expires: 9-4-22

_____
**DAISY McWATERS**

**ELMORE COUNTY** *

**STATE OF ALABAMA** *

Before me, the undersigned authority, a Notary Public in and for said State and County, personally appeared, **DAISY McWATERS** being by me first duly sworn, deposes and says on oath that the averments contained in the foregoing affidavit are true and correct to the best of her knowledge, information and belief.

_____
**DAISY McWATERS**

Sworn to and Subscribed before me this 22nd day of December, 2020.

_____
**NOTARY PUBLIC** My Commission Expires: 9-4-22

_signature: Jeff McWaters_
**JEFF McWATERS**

**ELMORE COUNTY** *

**STATE OF ALABAMA** *

Before me, the undersigned authority, a Notary Public in and for said State and County, personally appeared, **CHRIS McWATERS** being by me first duly sworn, deposes and says on oath that the averments contained in the foregoing affidavit are true and correct to the best of his knowledge, information and belief.

_signature: Jeff McWaters_
**JEFF McWATERS**

Sworn to and Subscribed before me this 22nd day of December, 2020.

_signature_
**NOTARY PUBLIC**
My Commission Expires:
9-4-22